1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  SHARRON EVON ROBERTSON,                    No. 2:14-cv-01685-KJM-EFB
12                    Plaintiff,
13       v.                                    ORDER
14  SUPREME COURT "PARTNER,"
15                    Defendant.
16
17

        Plaintiff, proceeding pro se, has brought a motion for reconsideration of this court's order of February 11, 2015 adopting the magistrate judge's findings and recommendations and dismissing plaintiff's complaint without leave to amend.  Although plaintiff does not identify the basis of her motion, the court construes it as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure.

        To the extent the court understands the basis of the motion, plaintiff pleads that Governor Brown and "the Partner took monies publically for 'companions.'"  ECF No. 19 at 2. On February 13, 2015, plaintiff filed an additional response to the court's order, asking to remove her name "from the Supreme Court Partner as stated. . . ."  ECF No. 20 at 1.  That document also states, without any context: "1. Social Security Identity Theft; 2. Plane crashes; 3. Fake marriages; 4. Stabbings (fingerprints); 5. Theft of property and monies; 6. Faked death

1

(publicity), etc.; 7. Damage to prominent affiliations, jobs, etc." *Id*. On February 17, 2015, plaintiff filed an additional letter, captioned "Complaint – Order, Show Cause Order," requesting to be heard by a Chief Magistrate Judge "to review overall withdrawal from above said based on Exclusive Jurisdiction of the United States District Court, Eastern District of California." ECF No. 21 at 1. She states the FBI intervened on April 30, 2012 and can be called as a mediator, though no intervenor has been docketed in this case. *Id*. On February 23, 2015, plaintiff filed an additional two letters. ECF Nos. 22, 23. The first provides screenshots of legal definitions of breach of contract, fraud, reckless knowledge, and simple partnership agreement (ECF No. 22 at 2-5) and states, again, without any context, "kidnapping . .. . illegal drug sales with Jerry Brown and Carolyn Kennedy, prostitution using our funds for payment, employment problems . . . insurance, jet-setters, publicity, and free housing, etc., Robert Kennedy's pension, Robert Jr.'s son married in Tahoe (pictures available)" and "Dianne Feinstein involved with Patti Hearst's mother." *Id*. at 1. The second letter accuses Jerry Brown and President Carter of taking monies allotted to her to split with defendant "Partner" and states, again without context, "fake funerals, change in identity, identity theft, social security fraud (1979) after a said plane crash, numerous bodies found in a submarine (1980s) . . . " and "several homicides." ECF No. 23 at 1-3. That letter also supplies screenshots of the legal definition of "Supreme Court," "choice of law clause," "competent evidence," "promoting prostitution" and "competency standard." *Id*. at 4-8.

Under Rule 230(j)(3) & (4) of this court's Local Rules, a motion for reconsideration should identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" before or "what other grounds exist for the motion" and why these facts were not asserted earlier. Plaintiff has not satisfied this rule as she has not identified any new facts or circumstances that she was unable to present in connection with the original complaint.

Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, a motion for relief from judgment for "any other reason that justifies relief" should not be granted absent "extraordinary circumstances" and should not be a vehicle for repackaging arguments already presented. *Maraziti v. Thorpe*, 52 F.3d 252, 254–55 (9th Cir. 1995). Plaintiff has not identified

any extraordinary circumstances justifying relief from judgment.  Plaintiff's request for reconsideration (ECF No. 19) is denied.

        IT IS SO ORDERED.

DATED: February 24, 2015.

                              UNITED STATES DISTRICT JUDGE